CRONIN AND OTHERS v. JAMES L. GAY.

The Court did not err in dismissing the suit, either with or without a motion or demurrer by appellee: because neither the original nor amended petition contained a cause of action.

The proceeding is anomalous. It does not adopt and pursue the remedy of garnishment, though it is somewhat analogous thereto.

As an equitable proceeding to make discovery of, and subject, the trust fund to the payment of debts, it is defective in not making the *cestui que trust* a party, and in not stating the facts of the transaction in such a manner as to enable the Court to determine that the fund is liable for this debt.

Cronin v. Gay.

Our statute has prescribed a mode of discovery as auxiliary to a suit, but not as an independent remedy disconnected from a regular suit.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

On the 14th of September, 1857, appellants filed a petition in the form of an original suit, alleging that at the Spring Term, 1857, of said Court, they had obtained judgment against one Joseph F. Gay, a resident of said county, for $2339 10 ; that execution was issued and levied on two negroes, Ada and Pamila, appraised by the Sheriff at $1500 ; that James L. Gay, a resident of Fayette county claimed said slaves as the trustee of said Joseph F. Gay, and that suit is now pending in said Court for the trial of the right of said property ; that petitioners know of no other property or effects in the hands of said Joseph F. Gay, out of which said debt can be made, or which is subject to levy or forced sale ; but your petitioners have good right to believe and verily do believe that said James L. Gay, trustee as aforesaid, has effects in his hands belonging to the said Joseph F. Gay, and is largely indebted to said Joseph F. Gay. Prayer for citation for said James L. Gay of Fayette, to answer this petition " and the bill of discovery herewith attached as a part of this petition," upon his oath ; for judgment on final hearing, against said James L. Gay for said sum of $2339 10, and costs of suit ; and for general relief.

Then followed five interrogatories, addressed to said James L. Gay, drawn with a view to elicit the fact, whether there were not then in his possession or of some other person within his knowledge, effects or credits belonging to said Joseph F. Gay, and particularly the interest or annual revenue of a trust fund of $28,000 given said James L. Gay in trust for said Joseph F. Gay, by James Gay by deed of trust bearing date February 5th, 1855.

There was an affidavit in the form required by statute, where the answers of a party to interrogatories are desired ; also an affidavit in the form required by law, for a writ of garnishment after judgment.

On the 9th of October, 1857, answers to said interrogatories were filed by said James L. Gay, in which he admitted the trust, but denied that the interest or annual revenue or any part thereof was in his possession ; denied that he had effects, other than the $28,000, in his possession belonging to said Joseph F. Gay, or

knew any other person who had such effects in possession ; and
stated that he had not placed said 28,000, or any part thereof,
at interest, but that he had invested the same in accordance with
the requirements of the deed of trust, and, in his judgment, for
the best advantage of the *cestui que trust.*

. Same day plaintiffs filed an amendment to their petition,
alleging that said James L. Gay had refused and evaded an-
swering the petition and certain of the interrogatories, and ap-
pending additional interrogatories with a view to a discovery of
the particulars of the investment of said trust fund of $28,000 ;
prayer for judgment on final hearing, as in the original petition,
or, in the alternative, a judgment and decree to sell the life in-
terest of said Joseph F. Gay in said fund.

October 14th, plaintiffs filed exceptions to the answers to in-
terrogatories, on the ground that they were evasive, &c., speci-
fying the particulars.

Same day plaintiffs again amended their petition, alleging the
particulars of the trust deed ; that said trustee had not paid over .
to said Joseph F. Gay the nett proceeds or avails of any invest-
ment which may have been made of said trust fund by said
trustee, or any part thereof; that said proceeds, at ten per cent.
per annum would be $7583. 32 to date. " Petitioners further
allege that at the time of filing their petition in garnishment or
bill of discovery in this cause, they propounded interrogatories,"
&c. ;. referring to the evasive answers of said James L. Gay ;
repeating the allegation of facts which form the basis of a writ
of garnishment ; and concluding with twenty additional inter-
rogatories, to same end as before, to be answered in case the ex-
ceptions to former answers were overruled. Affidavit as required
where interrogatories are propounded to a party. Notice of
filing of certified copy of trust deed, to be used if original not
produced. Here followed the said copy, from which it appeared
that the $28,000 was delivered to said trustee upon trust that he
" shall from time to time invest said sum of twenty-eight thou-
sand dollars in such species of property, yielding an interest, or
place the same out at interest, as in his judgment and discretion
he may deem best ; and that he shall from time to time, and at
least once in every year, pay over to the said Joseph F. Gay,
for and during the term of his natural life, the nett proceeds or
avails of such investment ; but in no event to interfere with the
principal sum, &c. ; remainder over, as to the principal.

Cronin v. Gay.

Motion filed Oct. 13th for judgment for want of an answer, or a sufficient answer.

Oct. 17th, motion by defendant to strike out the amendments to the petition and interrogatories, on the ground that they were irrelevant and impertinent.

Same day plaintiffs' motion for judgment was overruled; defendant's motion to strike out sustained, and the cause dismissed; to which rulings it appeared by bill of exceptions, that plaintiffs excepted in general terms.

*Fly* and *Mills*, for appellants. I. Defendant in the Court below was sued as garnishee of Joseph F. Gay, under Art. 1337, Hart. Dig. The facts to establish the liability of the garnishee were sufficiently stated in the petition. (12 Tex. R. 199.) He neither denied nor confessed his indebtedness. Judgment against the garnishee was improperly refused. (Hart. Dig. Art. 51; Adams v. McCown, 15 Tex. R. 349.)

II. After Gay's answers were read, the Court, without any demurrer or exceptions to the form or substance of the petition in garnishment, struck out the original petition, and after striking out all the plaintiffs' pleading, dismissed the cause; which we think error.

III. That the limitation of the revenues or profits of the $28,000 for life to J. F. Gay is liable for his debts, is settled upon reason and authority. (2 Story's Eq. p. 322; 4 Kent, 323, note B; Id. 326, note.)

*T. M. Harwood,* for appellee. I. This is a suit of garnishment against appellee, and was dismissed on appellee's answers to the interrogatories. The answers to the points that the garnishee had no property or effects of the judgment debtor, were explicit; the interrogatory as to the mode, &c., of the investment of the trust fund was irrelevant and impertinent; and so regarded by the Court below; so also of the additional interrogatories.

II. But the whole proceeding was illegal and void; and if the garnishee had answered that he was indebted to the judgment debtor, the Court could have rendered no judgment upon his answers. Hence we think the Court might very well have dismissed the case, without motion from any one.

*Parker & Nichols*, also for appellees. I. The admissions in the petition show that there was property levied on to satisfy said judgment and execution. Hence plaintiffs were not entitled to the writ of garnishment. They were not even entitled to another execution and levy, until the first was disposed of or satisfied.

The statute evidently intends that the plaintiff should exhaust his remedy against the property in the hands of or belonging to the defendant in execution, before he is entitled to the writ of garnishment. (Hart. Dig. Art. 1337 and 48.)

II. Again the petition alleging that the appellee was holding the property as trustee of Jos. F. Gay, the defendant in execution, and further alleging that said appellee was indebted in his fiduciary capacity, to the said Jos. F. Gay, there was clearly shown to be no right of action in garnishment; for had the appellee so answered the interrogatories propounded to him, the only judgment that could have been rendered, would have been the discharge of the garnishee. (Givens v. Taylor, Hart & Co., 6 Tex. R. 315.)

III. The Court evidently had no jurisdiction of the case; and it is equally apparent from the petition itself, that the plaintiffs had no cause of action. Hence, the statute, giving to the Court full control of this class of suits, as well to make up the issues as to decide the same, it was clearly the duty of the Court upon the hearing of the petition, to have dismissed the case upon its own motion. And the apparent irregularity by which this result was arrived at in this case, could not vitiate the action of the Court.

ROBERTS, J. The Court did not err in dismissing the suit, either with or without a motion or demurrer by appellees: because neither the original nor amended petition contained a cause of action. The proceeding is anomalous. It does not adopt and pursue the remedy of garnishment, though it is somewhat analogous thereto.

As an equitable proceeding to make discovery of, and subject the trust fund to the payment of debts, it is defective in not making the *cestui que trust* a party, and in stating the facts of the transaction in such manner as to enable the Court to determine that the fund is liable for this debt.

Our statute has prescribed a mode of discovery as auxiliary to

a suit, but not as an independent remedy disconnected from a regular suit. (Hart. Dig. Art. 735.)

Judgment affirmed.