# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## CARTER v. HAMPTON'S ADM'RS AND HEIRS.

### July 26th, 1883.

1. EQUITABLE JURISDICTION AND RELIEF—*Creditor's bill.*—A bill to discover the real and personal assets of deceased debtor, to settle the administration accounts, and to subject those assets to the payment of the debt of a creditor, is a creditor's bill, though it says nothing of other creditors, and a court of equity will entertain it.

2. IDEM—*Idem—Joint guarantors—Remedy at law against survivor.*—The fact that the deceased debtor was one of two joint and several guarantors, and the creditor has a remedy at law against the surviving guarantor, does not deprive creditor of his remedy in equity against the estate of the deceased guarantor.

3. IDEM—*Double remedy—Single satisfaction.*—A creditor having two different securities, or two sets of obligors bound for his debt, may proceed against both at the same time, although he is entitled to but one satisfaction.—*Asberry's adm'r* v. *Asberry's adm'r*, 33 Gratt. 471.

Appeal from decree of circuit court of Grayson county, rendered 4th October, 1881, in the cause of Thomas W. Carter, plaintiff, against the administrators and heirs of Griggs Hampton, deceased, defendants. Ezra Nuckolls and seven others executed on 8th August, 1854, their bond for twenty-three hundred dollars, payable with interest from 27th December, 1852, to Griggs Hampton, on or before 27th December, 1862. Griggs Hampton and his son, Andrew Hampton, on 1st November, 1856, for value, by writing under seal, assigned this bond to Thomas W. Carter, and guaranteed the payment thereof without plea or offset whether suit was brought for the collection of the same, or not. Judgment was obtained on the bond, and execution

issued and returned "no property." Griggs Hampton having died, Andrew surviving, in February, 1880, Carter brought his bill against the decedent's administrators and heirs, praying for a discovery of real and personal assets and an account of the administration, and the subjection of the assets to pay the amount due him on said guaranty, whereon some unascertained sums had been collected from the obligors in the bond. The defendants demurred to the bill, and filed an answer, which they prayed should be treated as a cross-bill, which Carter in turn answered. At the hearing the circuit court sustained the demurrer on the ground that plaintiff had an adequate remedy at law, and dismissed the bill with costs. From this decree Carter obtained from one of the judges of this court an appeal.

*Robert Crocket*, for the appellant.

In this case we have the common bill of a creditor brought against a decedent for the purpose of administering the assets of decedent, and of having the same applied to the payment of the debt due the creditor.

The bill prays for a discovery of both personal and real assets of the decedent, and also for accounts showing what disposition has been made of the same.

The bill may be regarded as brought by the creditor alone, or for himself and the other creditors.

There is nothing more required in a creditor's bill, and it is hard to conceive what more could be incorporated in it. Adams' Equity, page 257 (side); 1 Story's Equity Jurisprudence, sections 546–7 ; 1 Spence's Equity Jurisprudence, page 579; *Duerson* v. *Alsop*, 27 Gratt. 229.

But it is objected that equity has no jurisdiction of this case, because one of the joint guarantors is dead, and the other surviving ; that the appellant had a complete and adequate remedy at law against the surviving guarantor.

There might be some show of reason for this objection were it

not for section thirteen, chapter one hundred and forty-one, Code 1873; for at common law, death of one of several joint obligors discharged his estate even in equity unless he were the principal debtor, and the rest his sureties. But this law is changed by the statute above cited. 2 Minor's Institute, 751.

It is respectfully submitted in this case that the appellant had a double remedy—the one in equity against the real and personal representatives of Griggs Hampton, deceased, and the other at law against Andrew Hampton (Griggs and Andrew being the two joint guarantors); for no principle of law is more firmly established than that a creditor having two different securities, or two sets of obligors bound for his debt, may proceed against both at the same time, although he is entitled to but one satisfaction. *Asberry* v. *Asberry*, 33 Gratt. 471.

The cases cited in 2 Robinson's (old) Practice, that of *Linny's administrator* v. *Dare's administrator*, 2 Leigh, 588, and that of *Sale* v. *Dishman's executor*, 3 Leigh, 448, are not in point, and can scarcely be law now. Is not the law of these cases changed by statute before cited? If not, there is nothing in them by which the demurrer in this bill can be sustained. *Linny* v. *Dare*, and the other case, simply establish that the liability of the estate of a deceased partner is not absolute and immediate, but contingent merely, depending upon the results of proper efforts to collect the debt from the surviving partner, or his ascertained insolvency. See *Jackson* v. *King*, 12 Gratt. 505, 514 and 515.

It was unnecessary to allege the insolvency of Andrew Hampton, because, by *Asberry* v. *Asberry*, he might be sued at law, while the assets of Griggs Hampton were being administered in a court of equity for the payment of appellant's debt.

Appellant's bill correctly omits any allegation of due diligence to proceed against the obligors of the bond, or his inability to make the debt out of the obligors therein, or their insolvency. The demurrer admits as true the contract of assignment and guarantee between appellant and the two Hamptons, as stated

in the bill. By the fair and just interpretation of that contract, the two Hamptons were liable thereon as soon as default was made by the obligors of the bond. 2 Daniel's Nego. Ins. 639; Brandt on Suretyship and Guaranty, section 86.

*Wm. H. Bolling,* for the appellees.

This is not a creditor's bill. There is no allegation of a lack or want of personal assets in the hands of the administrators, nor prayer for settlement of administration accounts. The plaintiff only asks that his may be considered a creditor's bill, "if he should be compelled to resort to the real estate of Griggs Hampton for payment of his debt." *Duerson* v. *Alsop,* 27 Gratt. 229; Story's Eq. Pl., section 98 a, 104, 185; 1 Bar. Ch. Pr. 271–72. There is no proper case made for an account. To give equity jurisdiction of a bill for an account, there must be mutual demands or a series of transactions on one side and of payments on the other, or there must be a discovery sought and obtained in aid of an account. 1 Dan. Ch. P. 610, (side) and note; 1 Story Eq. Jur., section 458–59; *Hickman* v. *Stout,* 2 Leigh, 6, 9.

For the rules and principles upon which a court of equity has or will assume jurisdiction, exclusive and original, or concurrent, see 1 Pom. Eq. Jur., page 119 a, 125, section 136 a, 141, and page 128 a, 148, sections 146–47–48–49–50, 168–69.

For the Virginia practice, see 1 Rob. Pr. (old ed.), 166; *Linney* v. *Dare,* 2 Leigh, 588; *Sale* v. *Dishman's executor,* 3 Leigh, 448, 550–52–54 a, 561.

The demurrer should be sustained for the following additional reasons:

"*a.*" The bill does not allege the insolvency of Andrew Hampton, the surviving assignor.

"*b.*" It fails to allege that the plaintiff has used any diligence, or his inability to make his debt out of the obligors or their insolvency. If we admit that the assignment to Carter is

genuine (which we deny) in the form that he claims, page ten of record, we maintain that it fixes no greater nor larger liability on the assignors as guarantors than the law fixes and determines, nor does it relieve the assignee of the duty to use all diligence in making the debt out of the obligors in the bond, nor of the necessity to make it out of the obligors, if he can, before he can claim it either in a court of law or equity from the assignors. If, on the merits of the case, the court should hold that this covenant acquits Carter, the assignee, of gross neglect and want of diligence and of laches.

"*c.*" The bill discloses the fact that the plaintiff has, pending, a bill in equity against "some of the obligors."

If he has his remedy in this court, why not in that cause?

FAUNTLEROY, J., delivered the opinion of the court.

Thomas W. Carter, on the 26th of February, 1880, instituted a chancery suit in the circuit court of Grayson county, and filed his bill (which was intended and prayed to be taken as a creditor's bill) averring that Ezra Nuckolls and seven other persons, made their single bill, dated August 8th, 1854, binding themselves, jointly and severally, to pay to Griggs Hampton $2,300 on or before December 27th, 1862, with interest thereon from the 27th of December, 1852; that November 1st, 1856, the said single bill being unpaid, the same was, on that day, assigned to the said Thomas W. Carter for value in full received by the said Griggs Hampton, and that the payment of the said single bill was guaranteed to the said Thomas W. Carter, or bearer "without plea or offset always, whether suit is brought for the collection of the same or not," by a writing under the hands and seals of both, the said Griggs Hampton and his son, Andrew Hampton, at the said date of the assignment. That the said Thomas W. Carter did institute suit and recover judgment on said single bill, at the maturity thereof, against the obligors thereof; that execution of *fi. fa.* was duly issued on said judg-

ment, which was unavailing and was duly returned "no property." That the said single bill was then still wholly unpaid, but that proceedings had been instituted by complainant in the circuit court of Carroll county against some of his said judgment debtors, by which he expected to realize something, but certainly not enough to pay more than the interest due upon said single bill. That the said Griggs Hampton was dead, and the said Andrew Hampton survived; that the said Griggs Hampton had died intestate, leaving assets, real and personal, but what and how much the said complainant did not know; and the bill prayed for an account, for a discovery of the real and personal estate of the decedent, Griggs Hampton, and what disposition had been made of it by his administrators, who, with his son, the said Andrew Hampton, and other children and heirs, were made defendants to the bill; and the bill prayed to be taken and treated as a creditor's bill, and for general relief. The bill was demurred to by the said Andrew Hampton and Alexander Hampton, both individually and as administrators of the estate of Griggs Hampton, deceased, chiefly on the ground of a want of equity in the bill, and that the complainant had a remedy at law. And on the 4th day of October, 1881, the circuit court of Grayson county sustained the demurrer and dismissed the bill, with costs, in a decree which set forth the sole ground of opinion "that the plaintiff has a complete and full remedy in his action at law."

We think that the circuit court of Grayson erred in sustaining this demurrer and in dismissing complainant's bill.

The suit was brought to administer the estate of the intestate, Griggs Hampton, and of having the assets of decedent first ascertained and then applied, by a court of equity, to the payment of a debt due to his creditor, and it was a creditor's bill in intention and in fact; such a bill is maintainable in equity. 1 Spence Eq. Juris. 579 and 432.

The bill in this case prays for discovery of both real and personal assets, and for accounts showing what disposition has been

made of them, and it may be brought by the creditor complainant alone, or for himself and the other creditors of decedent. Adams' Equity, 257; 1 Story Equity Juris., sections 546–7; 1 Spence Eq. Juris. 579; *Duerson's adm'r* v. *Alsop et als.*, 27 Gratt. 229.

But it is objected, by the appellees, that the appellant could not go into equity because one of the joint and several guarantors is dead, and the other surviving, and that the appellant had a complete and adequate remedy at law against the living guarantor. Yet, in this case the appellant had a double resort, the one in equity against the personal representatives of Griggs Hampton, the dead guarantor, and the other, at law, against Andrew Hampton, the living guarantor. Code of Virginia, 1873, section 13, chapter 141; 2 Minor's Ins. 751 and cases there cited; *Asberry's adm'r* v. *Asberry's adm'r*, 33 Gratt. 471. A creditor having two different securities, or two sets of obligors bound for the same debt, may proceed against both at the same time, though he can have but one satisfaction. *Asberry's adm'r* v. *Asberry's adm'r, supra.*

The prayer in this bill is for an account, and it is disclosed by the record that the defendants, after demurring to the bill, prayed to have their *answer* to the bill taken as a *cross bill,* in which they asserted claim to credits, and prayed *for an account,* and their said cross bill was duly answered by the appellant denying all its charges.

We are of opinion that the decree of the circuit court of Grayson complained of is erroneous, and must be reversed and annulled, and this cause is remanded to the said circuit court for further proceedings to be had therein in accordance with this opinion.

The decree is as follows:

This day came here the parties, by their counsel, and the court having maturely considered the transcript of the record of the

Decree.

decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in sustaining the demurrer to the plaintiff's bill, and in dismissing the same; and the court is of opinion that the said demurrer should have been overruled by the said circuit court and a decree entered in the said court for the accounts prayed for in the said bill of the plaintiff, and the cause further proceeded in in the said court, to a final decree therein, upon the merits thereof. And this court being further of opinion, for the reasons hereinbefore referred to, that the decree aforesaid of the said circuit court is wholly erroneous, it is therefore decreed and ordered that the said decree be reversed and annulled, and that the appellant recover against the appellees his costs by him expended in the prosecution of his appeal aforesaid here. And this court proceeding to enter such decree as the circuit court should have entered, it is adjudged, ordered and decreed, that the demurrer to the plaintiff's bill be overruled, and the defendant pay to the plaintiff his costs by him expended in the prosecution of his cause in the said circuit court. And this cause is remanded to the said circuit court of Grayson county for further proceedings to be had therein in conformity with the foregoing opinion, and the directions herein contained.

Which is ordered to be certified to the said circuit court of Grayson county.

DECREE REVERSED.