EL PASO ELECTRIC RY. CO. v. SAUER-
ENMANN. (No. 894.)*

(Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1918. . Rehearing Denied Jan.
23, 1919.)

1. DISCOVERY ☞54 — CORPORATION — EX
PARTE PROCEEDING.

Under Rev. St. 1911, arts. 3680–3682, a corporation has the right to take the depositions of an adverse party upon interrogatories filed, but cannot proceed ex parte.

2. DISCOVERY ☞70—INCORRECT DOCKET
NUMBER—FAILURE TO ANSWER INTERROGA-
TORIES.

Where, upon interrogatories filed, the case is correctly styled in the notice, commission, etc., but an erroneous docket number was used, refusal of court to treat interrogatories as confessed because of this incorrect numbering cannot be upheld, where it appeared that all parties at various steps of proceedings erroneously used the wrong number, and defect was not discovered until after trial.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by W. F. Sauerenmann against the El Paso Electric Railway Company. Judgment

for plaintiff, and defendant appeals. Reversed and remanded. ·

Baker, Botts, Parker & Garwood, of Houston, and Davis & Goggin, of El Paso, for appellant.

M. W. Stanton, of El Paso, for appellee.

HIGGINS, J. Appellee filed this suit against appellant on July 27, 1916, to recover damages resulting from personal injuries. Appellant is a corporation. The injuries were sustained July 15, 1916. On February 8, 1917, appellant filed written interrogatories to appellee and applied for a commission to take his deposition. Notice was given and cross-interrogatories were filed by appellee's counsel. Commission was issued to take the deposition and placed in the hands of a notary, who issued a subpœna for appellee, which was served. Witness fee was tendered and accepted. Appellee failed to appear, and another subpœna was issued and served, and witness fee tendered but not accepted. Appellee again failed to appear. Attachment for appellee was then issued and placed in the hands of the sheriff, who refused to execute the same on account of threat by appellee to sue for damages. The notary thereupon returned the commission, certifying to the facts and that appellee had refused to answer the interrogatories. The interrogatories are pertinent to the issues and are so framed that they might be taken as confessed.

[1] Upon trial, the court refused to permit the interrogatories to be taken as confessed, holding:

"That Revised Statutes of Texas, art. 3680, providing that either party might take the depositions of the opposing party as a witness, is not available to a corporation. That where a corporation is a party to a suit that 'such corporation cannot take the depositions of the opposing party thereto."

The only question presented by this appeal is the correctness of this ruling.

The right to take depositions is granted and controlled by statute. Chapter 3 of title 53, arts. -3679 to 3686, R. S., relate to the deposition of parties. Under Revised Statutes of 1895, this was chapter 3 of title 40, arts. 2292 to 2298. In 1897, chapter 3, tit. 40, was amended by the addition thereto of article 2293a, as follows:

"Where either party to any suit is a corporation, neither party thereto shall be permitted to take ex parte depositions." Acts 25th Legislature, p. 117.

This appears in the Revised Statutes of 1911 as article 3681. Article 3680, Revised Statutes of 1911 (article 2293, R. S. 1895), provides:

"Either party to a suit may examine the opposing party as a witness, upon interrogatories filed in the cause; * * * and his examination shall be conducted and his testimony received in the same manner and according to the same rules which apply in the case of any other witness, subject to the provisions of the succeeding articles of this chapter."

The right to proceed ex parte in taking the depositions of parties is conferred by article 3682 (article 2294, R. S. 1895). This article provides that "it shall not be necessary to give notice," etc. We think this latter article confers the privilege of proceeding ex parte and does not make it obligatory so to do. The right of either party to a suit to examine the opposing party as a witness upon interrogatories filed in the cause, etc., is conferred by article 3680, and the further right to proceed ex parte is granted by the article 3682; and the right to proceed ex parte is not the exclusive manner in which a party shall proceed, but, at his option, he may proceed upon notice.

Prior to the amendment of 1897, it was well settled that a corporation had the right to take the depositions of the adverse party and could proceed ex parte. Ry. Co. v. Reason, 61 Tex. 616; Ry. Co. v. Nelson, 5 Tex. Civ. App. 387, 24 S. W. 589; Ry. Co. v. Hamilton, 17 Tex. Civ. App. 76, 42 S. W. 360; Ry. Co. v. Winder, 31 S. W. 716; Locust v. Randle, 46 Tex. Civ. App. 544, 102 S. W. 947.

As we construe the amendment of 1897, it did not entirely abrogate the right conferred upon a corporation by article 3680 to take the deposition of the opposing party, but merely deprived it of the right to proceed ex parte, as provided in article 3682 (article 2294, R. S. 1895). In our opinion, the language of the amendment clearly so indicates. Had it been the purpose to entirely prevent the taking by a corporation of an adverse party's deposition, it seems that the Legislature would have employed apt language to that effect. The language used indicates an intention to limit, and not altogether destroy, the right.

A contrary holding would entirely repeal article 3680 in so far as it gave to corporations the right to examine the opposing party as a witness upon interrogatories filed, whereas the language of the amendment in our opinion indicates simply an intention to deprive corporations of the right to proceed ex parte. We think the ruling of the trial court was erroneous. Bank v. Ivey, 182 S. W. 706.

[2] Upon the interrogatories filed, the notice, commission, etc., the case is correctly styled, but an erroneous docket number was used. Appellee urges that the court properly refused to treat the interrogatories as confessed, because of this incorrect numbering of the suit. This contention cannot be sustained. It is plainly apparent that all of the parties at various stages of the proceedings in the case erroneously used the wrong number. There can be no doubt that the interrogatories were filed in this particular suit and the commission issued therein. The incorrect numbering formed no basis of the court's ruling. It does not appear to have been discovered until subsequent to the trial, and the court then entered an order correcting the number. This erroneous numbering cannot now be invoked to sustain the incorrect ruling upon appellant's right to take the deposition of the adverse party.

Reversed and remanded.

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes