## SAUERMANN v. EL PASO ELECTRIC RY. CO.   (No. 210—3307.)

(Commission of Appeals of Texas, Section B. Dec. 14, 1921.)

Discovery ⬥47—Statute forbidding party to suit with corporation to take "ex parte depositions" means depositions of adverse parties by interrogatories.

Rev. St. 1895, art. 2293a, as added by Laws 25th Leg. (1897) c. 92, § 1, providing that, where either party to any suit is a corporation, neither party shall be permitted to take "ex parte depositions," *held* to make the provisions of such chapter providing for depositions of opposing parties by interrogatories inapplicable to suits in which one of the par-

ties is a corporation; the term "ex parte depositions" having reference to depositions of parties taken under the provision of such chapter, in view of Rev. St. 1895, arts. 2293 and 2297.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by W. F. Sauermann against the El Paso Electric Railway Company. Judgment for plaintiff. Reversed, and cause remanded on appeal to the Court of Civil Appeals (208 S. W. 237), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

M. W. Stanton and Hudspeth & Harper, all of El Paso, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, and Davis, Goggin & Harrington, of El Paso, for defendant in error.

McCLENDON, P. J. W. F. Sauermann, plaintiff below, recovered judgment against El Paso Electric Railway Company, a corporation, defendant below, in an action of damages for alleged personal injuries. The Court of Civil Appeals reversed this judgment and remanded the cause to the district court, upon the holding that the latter court committed error in overruling a motion of defendant to take as confessed certain interrogatories propounded by defendant to the plaintiff upon the ground of refusal of plaintiff to answer them. 208 S. W. 237. The correctness of this ruling is the only question in the case. That question involves the proper construction of chapter 92, General Laws of the Twenty-Fifth Legislature (1897), which reads:

"Section 1. Be it enacted by the Legislature of the state of Texas: That chapter 3 of title 40 of the Revised Civil Statutes of the state of Texas be amended by adding thereto article 2293a, as follows:

"Article 2293a. Where either party to any suit is a corporation, neither party thereto shall be permitted to take ex parte depositions."

Chapter 3 of title 40, referred to, was entitled "Depositions of Parties," and embraced articles 2292 to 2298, inclusive. It is to be noted that the act of 1897 was by its terms an amendment of the entire chapter and supplied a new article, which was to be No. 2293a, and was to take its place in the chapter immediately following article 2293, which reads:

"Art. 2293. Either party to a suit may examine the opposing party as a witness, upon interrogatories filed in the cause, and shall have the same process to obtain his testimony as in the case of any other witness; and his examination shall be conducted and his testimony received in the same manner and according to the same rules which apply in the case of any other witness, subject to the pro-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

visions of the succeeding articles of this chapter."

Among the "succeeding articles of this chapter" was article 2297, which provides that the interrogatories should be taken as confessed if the party refused to answer or answered evasively, and which is the article invoked in support of the motion which the trial court overruled.

We think the clear intention of the amendment was to make the provisions of chapter 3 of title 40 inoperative in all cases where a corporation was a party to the suit. The expression in the amendment "ex parte depositions" can have no other meaning than depositions of parties taken under the provisions of chapter 3, tit. 40.

Before the enactment of the amendment the provisions of the chapter were for all practical purposes unilateral in cases in which a corporation was a party. From the very nature of the thing a corporation can act only through its officers and agents, and its deposition cannot be taken. The clear purpose of the amendment was, we believe, to place the parties to a suit upon an absolutely equal footing with reference to the provisions of the chapter relating to the taking of depositions of parties, and that could only be done when one of the parties was a corporation by making all the provisions of the chapter inoperative in such cases.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.