CHAPMAN, Banking Com'r, v. LEAVERTON.
(No. 11011.)

(Court of Civil Appeals of Texas.   Fort Worth.  May 10, 1924.  Rehearing Denied June 14, 1924.)

1. Creditors' suit ☞7—Bill of discovery will lie after return of execution unsatisfied.

Under Acts 38th Leg. 1923, c. 19, a bill of discovery will lie in favor of a judgment creditor after return of execution unsatisfied to compel judgment debtor to disclose facts with reference to alleged fraudulent sale, after filing of suit by judgment creditor, notwithstanding Rev. St. art. 3681, and to answer generally as to any property, or interest in any property, then owned by him, out of which plaintiff might satisfy his judgment.

On Motion for Rehearing.

2. Creditors' suit ☞2 — Statute authorizing suits in nature of bills of. discovery held constitutional.

Acts 38th Leg. 1923, c. 19, authorizing courts to entertain suits in nature of bills of discovery, held constitutional.

Appeal from District Court, Stephens County; Walter F. Schenck, Judge.

Suit by J. L. Chapman, Banking Commissioner, against H. A. Leaverton. From order and judgment sustaining defendant's general demurrer to plaintiff's petition to compel a disclosure by the defendant of the facts with reference to an alleged fraudulent sale by defendant, the plaintiff appeals. Reversed and remanded, with directions.

Hawkins, Hawkins & David, of Breckenridge, for appellant.

Will R. Saunders, Bailey W. Hardy, T. B. Ridgell, and Hickman & Bateman, all of Breckenridge, for appellee.

BUCK, J.  This is an appeal from an order and judgment of the trial court sustaining defendant's general demurrer to plaintiff's petition.  The petition alleged that J. L. Chapman, banking commissioner of Texas, on March 7, 1923, sued, in the district court of the Ninetieth judicial district, H. A. Leaverton upon a promissory note alleged to have been executed by defendant to the Breckenridge State Bank, which bank plaintiff then had in his charge and possession and was liquidating; that plaintiff recovered judgment in said action against defendant in the sum of $4,594.88, with interest and costs of suit; and that said judgment had been abstracted in the office of the county clerk of Stephens county, and that an alias execution had been issued and returned by the sheriff of Stephens county unsatisfied, and that no part of plaintiff's judgment against defendant had been paid or satisfied.  The plaintiff further alleged that he had reason for believing and so charging that defendant had property and assets in Stephens county and elsewhere in the state of Texas and without the state of Texas, subject to execution, which ought to be applied to plaintiff's said judgment; that defendant was exclusively in possession of information as to what property and assets he had in the state of Texas and elsewhere which should be applied to the satisfaction of plaintiff's judgment; but that plaintiff did not know and had no means of knowing or ascertaining such information, and could not ascertain the same unless the court should compel the discovery here pleaded for, whether the defendant had any such property or assets or what, if any, such assets defendant had.  Plaintiff further alleged that at the time of the filing of the original suit defendant owned a tract of land in the town of Breckenridge, on which was located a dwelling, and that within eight days after defendant had been served with citation in the original suit he attempted to convey by deed said property to his law partner, who was then and at the time of the filing of this suit insolvent; that the consideration expressed for said conveyance was $3,000, evidenced by three vendor's lien notes of $1,000 each, due two, three, and four years thereafter.  Plaintiff alleged that said transaction and conveyance was undertaken and attempted to be consummated with the intent to defraud plaintiff and in order to defeat the collection of the judgment claimed, and that defendant still had some interest, legal or equitable, in said abovementioned property in the city of Breckenridge, and that such interest, if any, should be fully disclosed by the defendant, and any interest therein which defendant had should be applied to the satisfaction of plaintiff's judgment; that plaintiff, on numerous occasions prior to the filing of this suit, which was filed March 5, 1924, in Ninety-Second judicial district of Stephens county, had called upon defendant and requested him to make to plaintiff a disclosure of his interest in the above-described property so owned by him in Breckenridge, and of all his assets, and had requested defendant that he give to plaintiff true and correct answers to certain interrogatories which were attached to plaintiff's petition, but defendant had repeatedly and steadfastly failed and refused to make such disclosures; and that, if defendant be not required by the court to answer said interrogatories, plaintiff, having exhausted his legal

remedies in the premises, would not be able to subject any of the property of defendant to plaintiff's said judgment.

Attached to plaintiff's petition were the interrogatories inquiring as to any legal or equitable interest that defendant might have in the house and lot described and situated in the city of Breckenridge; particularly questions with reference to the details of the consideration for the conveyance of said property by defendant to his partner were propounded, and questions with reference to whether the defendant then owned said notes, and who had possession of them, and whether defendant claimed any interest or right of reversion in the property covered by the deed from defendant to his partner, were asked. Further questions were asked as to whether defendant owned any legal or equitable interest in any other property, wherever situated, and defendant was requested to specifically list said property interest or right to such property and to give the county and state in which such assets were located, also to give the names and addresses of all the defendants debtors, stating the amount or amounts then due from each of them; further request was made for the defendant to give a list stating the names and addresses of all persons against whom he had any legal or equitable demands for either money or property, and state what amount of money or property was due or would become due, and when same would become due.

Upon a hearing, the court sustained a general demurrer to the petition, and the plaintiff has appealed.

The Thirty-Eighth Legislature, Acts of the Regular Session, p. 31, passed a bill of discovery act, which, together with the caption and emergency clause, is as follows:

"An act reviving the bill of discovery in accordance with the usages of courts of equity; making such remedy cumulative and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section 1. All trial courts in this state having jurisdiction of the subject-matter of litigation, shall entertain suits in the nature of bills of discovery and grant relief therein in accordance with the usages of courts of equity.

"Sec. 2. The remedy hereinabove provided shall be cumulative of all remedies heretofore provided.

"Sec. 3. The importance of the foregoing act, in that many suits are now pending in Texas wherein residents of this state are unable by our present deposition statutes to compel nonresident litigants to disclose the state of accounts between them so that a proper judgment may be recovered, resulting in serious financial loss to them, creates an emergency and an imperative public necessity that the constitutional rule requiring that bills be read on three several days be suspended and the said rule is hereby suspended, and this act shall take effect and be in force from and after its passage, and it is so enacted."

It is under this act that the appellant claims he had a right to bring the action. The grounds of his appeal, briefly stated, are that a bill of discovery will lie in Texas in favor of a judgment creditor against a judgment debtor to compel a disclosure by such judgment debtor of the true facts with reference to an alleged fraudulent sale by the judgment debtor, soon after the filing of the suit by the judgment creditor, of property to an insolvent partner for a credit consideration, where execution on the judgment to the county of the judgment debtor's residence has been returned unsatisfied; and that such bill will lie in Texas to require the judgment debtor to make disclosure as to his assets and debtors, and to make disclosures of any interest in any property which the judgment debtor may have.

Appellee urges that a bill of discovery will not lie in Texas in favor of a judgment creditor and against a judgment debtor to compel a disclosure by such judgment debtor of the true facts with reference to an alleged fraudulent sale by the judgment debtor, where such bill of discovery has not been brought in aid of a suit then pending or contemplated; that such bill will not lie in Texas to compel the judgment debtor to make a disclosure as to his assets and debtors, where such bill is not brought in aid of a suit then pending or contemplated.

In Kountze v. Cargill, 22 S. W. 227, in an exhaustive opinion by Chief Justice Garrett of the Court of Civil Appeals for the First District, it was held that the district court has jurisdiction of a suit against a judgment debtor for discovery of assets, where an execution has been returned unsatisfied, and abstract of judgment recorded so as to be a lien on the land, and the petition alleges that the judgment debtor has property subject to the satisfaction of the judgment; the kind and description of the property being unknown to the judgment creditor. The Supreme Court granted a writ of error, 86 Tex. 386, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 4 Am. St. Rep. 853, and in an opinion by Justice Gaines it was held that the bill will not lie to compel a judgment debtor to disclose assets on which execution may be levied, in the absence of any statute authorizing such proceeding. Judge Gaines quotes the following from 2 Freeman on Execution:

"A full and complete discovery may be obtained of all the defendants' assets, and, when discovered, they may be compelled to contribute to the payment of the plaintiff's judgment."

He says that a review of the cases cited by Freeman will show that none of them can be held a precedent for a general bill of discovery, and discusses such cases as Carter v. Hampton, 77 Va. 631; Thomas v. Adams, 30 Ill. 37; Clarke v. Webb, 2 Hen. & M. (Va.) 8; Gordon v. Lowell, 21 Me. 251, and Le Roy v. Rogers, 3 Paige (N. Y.) 234, which the

Supreme Court says is in support of the opinion by the Court of Civil Appeals, were it not for the fact that at the time the statutes of New York expressly authorized the proceeding, and that a careful reading of the opinion in the New York case will show that it involved the construction of a statute. The opinion also cites Bay State Iron Co. v. Goodall, 39 N. H. 223, 75 Am. Dec. 219, which the Supreme Court held involved the construction of a statute, although the opinion in the cited case states that the remedy existed in equity without the statute. The opinion further says:

"In Trego v. Skinner, 42 Md. 427, the complainant, a judgment creditor, sought to subject real estate alleged to have been paid for by his debtor, and to have been conveyed to his wife, to the satisfaction of his judgment. A discovery was also prayed as to other assets fraudulently concealed by the debtor, and by a firm of which he was a member. The court held that a demurrer to the bill was properly overruled. The bill was certainly good in part, and the decision of the court was correct. The expressions in the opinion show that the court were also of the opinion that the bill was good as to the discovery, but for this they cite no authority."

The opinion further says:

"In cases of fraudulent conveyances, equity will extend its aid to the creditor, by entertaining a bill against the proper parties, which points out the property, and specifies the particulars in which the fraud consists, and will, as in all other cases, grant a discovery, as ancillary to the action. In this case there is no trust. There is the simple relation of debtor and creditor. The bill alleges a surmise of fraud, but specifies none. Cronin v. Gay, 20 Tex. 460, was a case somewhat like this. The court, in its opinion, characterized the proceeding as anomalous, and held that the suit could have been properly dismissed without motion or demurrer. The court also say: 'Our statute has prescribed a mode of discovery as auxiliary to a suit, but not as an independent remedy, disconnected from a regular suit.' This remark was pertinent to the question before the court, if not indispensable to its decision. In Love v. Keowne, 58 Tex. 191, Mr. Justice Bonner says: 'Although a bill of discovery, technically so called, and known in equity practice, is not known to our practice, yet we have a statute which is intended to answer the same purpose. * * * In Cronin v. Gay, 20 Tex. 460, it is decided that the statute prescribes this mode of discovery as auxiliary to a regular suit, but not as an independent remedy disconnected from such suit.' Our statutes have largely extended the legal remedies of judgment creditors, as recognized at common law. Under execution they may levy upon and sell the interest of the defendant, whether legal or equitable, in both his real and personal property. They may subject, by process of garnishment, his choses in action, and his shares in incorporated companies, to the satisfaction of their judgment. But we have held that equity will not aid in the writ of garnishment. Noyes v. Brown, 75 Tex. 458, 13 S. W. 36. In Price

v. Brady, 21 Tex. 614, it was decided that promissory notes could only be subjected to the payment of a judgment by a writ of garnishment served upon the makers; that they could not be sold under execution; and that, therefore, an agent holding them for collection could not be made liable by the writ of garnishment. And it seems to us the general trend of our decisions is to confine creditors to their statutory remedies, and not to aid them in a court of equity, except in cases of trusts and frauds. Our courts will, at the instance of a creditor, set aside a fraudulent conveyance of a debtor, so as to subject the property to sale under execution, and to enable the creditor to realize at such sale a fair price. But this court has never countenanced a proceeding to make the debtor apply his assets to the payment of a judgment against him, or to compel him to disclose his assets so that an execution may be levied, or a writ of garnishment served, to reach them; and we are of opinion that, in the absence of a statute conferring authority for the proceeding, it should be held that none exists. Many of the states have statutes authorizing bills of discovery in cases like the present. It is in the power of our Legislature to make such a law, and it must be left to its wisdom to determine whether or not it is proper to confer this inquisitorial power upon the courts of the state."

In 86 Tex. 386, 25 S. W. 13, 24 L. R. A. 183, 4 Am. St. Rep. 853, in a motion for rehearing, the Supreme Court states that at the time of the consideration of the case on original hearing the text-books devoted exclusively to the law of "discovery" were not at the court's command; that this probably arose from 'the fact that it was thought that the rules in regard to discovery had been substituted by statutory enactment, and that the learning upon the subject had become, in a measure, obsolete; but that, since the filing of the motion, the court had procured the authorities necessary to enable it to make an exhaustive examination of the question, with the result that the court deemed it proper to modify some of the expressions in the former opinion, without changing the disposition of the case, citing further additional authorities, especially the English cases of Mountford v. Taylor, 6 Ves. 788, and Taylor v. Hill, 1 Eq. Cas. Abr. 132. The court further said:

"This would seem to indicate that the court was of opinion that no bill of the character would lie, except to discover property specifically described, though it admits of the construction that the demurrer may have been urged upon the ground that no execution had been sued out. We note, in this connection, that the bill was very similar to the petition in Cronin v. Gay, 20 Tex. 460, in which it was held, expressly, that bills of discovery had been abolished in this state. These authorities seem to us to leave the matter in doubt; and there, as an original question of equity jurisdiction, we are content to leave it. * * * If the courts of equity in England ever entertained bills of discovery of this character, and if the jurisdiction became incorporated into our sys-

tem of jurisprudence by the adoption of the common law, we are still of opinion that it is no longer the law of this state. Neither the decisions of the English courts upon the effect of their statutes, which allow a discovery in the courts where the suits are pending, nor the decisions of the courts of other states upon similar statutes, can be taken as a guide, in determining the effect of our own laws upon the subject. There is an apparent conflict of authority in our state courts. Some hold merely that statutes which permit the parties to testify, or which allow interrogatories to be filed to the opposite party, do not take away the jurisdiction of courts of equity to compel a discovery [citing cases]. In all of these states the separate jurisdiction of the law and equity courts is maintained. The contrary is held in Missouri, where the courts exercise both law and equity jurisdiction (Bond v. Worley, 26 Mo. 253), and in Hurd v. Bank, 1 Morris (Iowa) 291; Riopelle v. Doellner, 26 Mich. 102, where the jurisdictions were separate. See, also, Heath v. Railway Co., 9 Blatchf. 316. Not only were law and equity blended into one system of jurisprudence by our statutes at the same session of the congress of the republic at which the common law was adopted, but at the same time a system of procedure was established which is borrowed from the practice both of the courts of law and those of equity, as recognized at common law. Writs peculiar to courts of equity were provided for by statutory regulation, and at an early day provision was made by statute for the perpetuation of testimony, and for the discovery of evidence, in a pending suit, by simple interrogatories to the opposite party, the answers to which had the effect of an answer under oath to a bill in equity. At a later day it was provided, as a cumulative procedure, that either party to a suit could take the deposition of the adverse party. The effect of our statutory system was passed upon in Cronin v. Gay, supra, and it was held that bills of discovery were thereby abolished. This decision was doubtless well known to the able lawyers who compiled our Revised Statutes, and yet all the provisions of the old statutes in regard to the law of evidence were incorporated in that revision without change. See Report of Commissioners, 2 Sayles' Civ. St. p. 726. When the Legislature re-enacts a statute which has been construed by the courts, the presumption is that it intended that the new enactment should receive the same construction as the old."

When the congress of the republic of Texas, in 1840 (Acts 1840, p. 3), adopted the common law of England as the law of the republic, when not in conflict with statutory enactments, it became a part of the practice of Texas that parties to litigation were incompetent to testify in the case either in their own behalf or at the instance of the opposing parties. In 1846 the Legislature of the new state of Texas (see 2 Gammel's Laws of Texas, pp. 1669–1690) enacted rules of practice in district courts and provided (see section 67 et seq. of said act) that depositions of witnesses might be taken in civil suits, and that when any person may anticipate the institution of a suit in which he may be interested, and he may desire to perpetuate the testimony

of any witness to be used in such suit, he may, by following a procedure described for taking the deposition of any witness, have preserved the testimony for future use. Chief Justice Gaines, in Smith v. Olson, 92 Tex. 181, 46 S. W. 631, states that in the opinion of the Supreme Court the act of May 13, 1846, which was subsequently repealed and which has been heretofore cited, was intended to take the place of the bill of discovery. In 1858 a statute was enacted giving either party to the suit the right to examine the other as a witness upon the trial or by deposition, the same as other witnesses. 4 Gammel's Laws of Texas, p. 982. There was no provision in the act of 1858, or in previous acts, making any exception in case one of the parties litigant was a corporation. In 1897 an amendment was enacted providing, in substance, that where either party to any suit is a corporation neither party thereto shall be permitted to take ex parte depositions. Article 3681, Rev. Civ. Statutes. On December 14, 1921, in Sauermann v. El Paso Electric Ry. Co., 235 S. W. 548, the Commission of Appeals, in an opinion approved by the Supreme Court held that article 3681, which provides that where either party to any suit is a corporation neither party shall be permitted to take ex parte depositions, precluded the parties to a suit, where one of the parties was a corporation, from taking depositions of the opposite party without reference to whether such depositions were ex parte or not. Prior to the decision by the Supreme Court in this case it had been held by some of the Courts of Civil Appeals, at least, that the language used in article 3681 did not entirely prohibit the taking of depositions of the opposite party, where one of the parties to the suit was a corporation, but merely required that notice should be given of the filing of interrogatories or service of a copy of the interrogatories on the adverse party before commission to take the deposition should issue. See El Paso Electric Ry. Co. v. Sauermann, 208 S. W. 237; Bank v. Ivey, 182 S. W. 706.

It is urged by appellee that it was by reason of this decision of the Supreme Court that the Legislature passed the act under consideration; that at the time of said decision there were doubtless many suits on file in which a corporation was a party, and many more were contemplated; and that in effect, this act was intended to repeal the amendment of 1897 (article 3681, Rev. Civ. St). But with this conclusion we do not agree. There is nothing in the act or in the caption thereof, or in the emergency clause thereto, which suggests any such purpose in the minds of the legislators in enacting this legislation. We are of opinion that the Legislature intended to confer some additional remedy in favor of the plaintiff or the judgment creditor, in order that he might discover facts which would be advantageous to him in the fur-

therance of his cause of action or in the collection of his judgment.

"But in practice a bill of discovery is usually understood as a bill for the discovery of facts resting in the knowledge of defendant, or of deeds, writings, or other things in his custody or power, and seeking no relief in consequence of the discovery, but seeking discovery merely in aid of some other proceeding, either at law or in equity, pending or about to be brought, in aid of which discovery is necessary, while a bill for relief and discovery withdraws the case from the legal forum and brings it for decision before a court of equity. Where the discovery is merely incidental to the relief sought and in aid of plaintiff's case therefor, the bill is not a technical bill for discovery. The same principles govern discovery whether 'it is invoked in aid of other issues involved in the equity suit or in aid of an action at law." 18 C. J. p. 1057, § 3, B.

In section 4, 2, of the same work, it was said:

"In order that a pure bill of discovery may lie, the suit in aid of which the discovery is sought must be pending or contemplated, and the discovery sought must be incidental to some relief which the court has the right to grant. A bill cannot be maintained for discovery in the sense of mere information. In any event, the bill will not lie where the discovery would not be available. * * * While it is often stated as a general rule that a bill of discovery will not lie to ascertain against whom an action shall be brought, the only limitation seems to be that the bill does not lie against a mere witness, and the right to maintain a bill to discover the identity of contemplated defendants has been frequently recognized, as where an agent was compelled to make discovery of his principal, or a corporation and its officers to disclose the names of stockholders, or persons sued as partners to discover whether or not they were partners."

In section 7, 5, p. 1062, of the same work, it is said:

"Statutes authorizing the examination of parties in actions at law are generally held not to deprive courts of equity of any of their original jurisdiction as to bills of discovery, but merely to provide a cumulative remedy, and some statutes specially provide that the remedy by a bill of discovery shall in no way be affected thereby. In some jurisdictions, however, it is held that the equity jurisdiction is abrogated by such statutes, although they contain no express provision to that effect, while in others the statutes are held to have abolished pure bills of discovery in aid of actions at law, but not to repeal statutes expressly providing for a judgment creditor's bill to compel the discovery of the debtor's property. But since the equitable remedy of bills for discovery arose because the common law made no provision by which either party could obtain the testimony of his adversary or compel the production of documents in his possession material to his case, the necessity for the remedy is now very much diminished, and as a rule courts of equity will not assume jurisdiction of a bill for discovery and relief for the enforcement of a purely legal demand, where the only ground of equity jurisdiction is the discovery which can be had under the statute."

In 9 R. C. L. p. 173, § 11, it is said:

"A bill of discovery may be maintained, not only in aid of a suit already brought, but to aid the plaintiff in a suit which he intends immediately to bring if the bill discloses a cause of action. * * * The rule has been applied in the cases of attempts to enforce assessments on stockholders of insolvent corporations to discover the true owners by a bill against one in whose name the stock stands on the corporate books, or against a broker who has purchased such shares for responsible clients, but who, with the intention of concealing their identity, has had the certificates issued in the name of an irresponsible person."

In section 12, p. 173, of the same work, it is said:

"At one time the court of chancery in England entertained bills for the discovery in aid of executions at law, but since 1790 the current of authority seems to have been adverse to this proceeding. In the United States the law is considered as settled in favor of this equitable jurisdiction, and chancery may entertain a bill for discovery of all a person's estate, legal and equitable, and to this end a judgment creditor may demand of his debtor, in general terms, a disclosure of his assets and the names of his debtors."

One of the decisions cited in support of the statement from Ruling Case Law is Bay State Iron Co. v. Goodall, 39 N. H. 223, 75 Am. Dec. 219. In this case plaintiff, a Massachusetts corporation, got judgment against defendant, living in New Hampshire. A writ of execution was delivered to the sheriff, but was returned unsatisfied, whereupon plaintiff filed a bill of discovery, alleging that defendant had a large amount of property, a part of which was held in trust for him, which he had conveyed or concealed. The bill prayed an answer to various interrogatories of a general nature regarding defendant's property, his creditors, etc., and asked that his judgment might be satisfied out of the property discovered. The court held that the bill would lie irrespective of any statute thereof. It was noted that in New Hampshire there was a statute which, in the judgment of the court, authorized the filing of such a bill.

In Elmore v. Spear, 27 Ga. 193, 73 Am. Dec. 729, plaintiff filed a bill in equity seeking to make his debt out of certain property alleged to have been transferred by his original debtor to another, asking that the persons to whom the property had been transferred be compelled to account and pay to him the money realized from the sale of such property. The trial court, on motion, ordered the complainant to amend so as to make other creditors parties, or make them an offer to come in as parties. The Supreme Court of Georgia held that a single creditor was entitled to file a bill of discovery and was

not forced to divide any property discovered with other creditors, when such assets were legal and not, inequitable; that in the present case it was shown that the trust arose from the alleged fraud of defendant and is implied in law, and not that there was any trust created by contract for the payment of the creditors.

In 6 Pomeroy, Equity Jurisprudence, p. 1412, under the general head of "creditors' suits," it is said:

"The complainant may demand and obtain a complete discovery of the defendant's assets and a disclosure of the names of his debtors. Even if no relief can be afforded by the court in which suit is brought, the complainant is entitled to discovery for the purpose of enabling him to reach the defendant's property through the medium of the proper legal tribunal."

In Keystone Lumber Yard v. Yazoo & Mississippi Valley Ry. Co., 96 Miss. 116, 50 South. 445, Ann. Cas. 1912A, 801, the Mississippi Supreme Court held that the chancery court had jurisdiction of a bill of discovery, though the plaintiff may have legal means of obtaining proof, and where the chancery court has taken jurisdiction for the auxiliary purpose of discovery it may grant full relief in the case, under the power conferred by the Mississippi Constitution, providing that, where the court heretofore exercised jurisdiction auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by the suit at law. Having acquired jurisdiction, the court below should have given full relief.

It will be noted that the chapter enacted by the Thirty-Eighth Legislature (chapter 19) reviving the bill of discovery provides that—

"All trial courts in this state having jurisdiction of the subject-matter of litigation, shall entertain suits in the nature of bills of discovery and grant relief therein in accordance with the usages of courts of equity." Section 1.

[1] While it may be said that the purpose of pure bills of discovery is to provide needed testimony for a suit pending or contemplated, yet it would seem that the suit in the instant case was in the nature of a bill of discovery. We are of the opinion that such is the case, since plaintiff below sought to elicit information and evidence with reference to a sale of certain described property alleged to have been fraudulently conveyed to defeat his claim. We are of the opinion that at least as to that inquiry the bill was good. If so, and the court had jurisdiction as to that matter, we think it follows that it had jurisdiction to require the defendant to answer generally as to any property, or interest in any property, then owned by him, out of which the plaintiff might satisfy his judgment.

It may be that it would have been better for plaintiff to have made a party defendant the party to whom the property was conveyed, in order that he might in one suit determine the validity of the transfer, etc. But upon another trial the plaintiff can amend the bill if he so elects.

We think that the bill was not subject to, a general demurrer. Accordingly, the judgment of the trial court is reversed and remanded, for further proceedings not inconsistent with this opinion.

On Motion for Rehearing.

Upon a re-reading of the decision of Sauermann v. El Paso Electric Ry. Co. (Tex. Com. App.) 235 S. W. 548, mentioned in our original opinion, we do not think the decision "precluded the parties to a suit where one of the parties was a corporation from taking depositions of the opposite party without reference to whether such depositions were ex parte or not." We now think that the decision merely holds that ex parte depositions directed to the adverse party may not be taken as confessed where one of the parties is a corporation. We do not think that this decision changes the construction of deposition statutes as heretofore held.

[2] We have carefully considered appellee's motion, especially that part attacking the constitutionality of the new act of the Thirty-Eighth Legislature (chapter 19). Appellee's counsel has urged the unconstitutionality of the act with much force and vigor, but it is not at all clear to us that the act involved is unconstitutional. Hence the motion for rehearing is overruled.