### YELLOW CAB CO. v. MILLS et al.
### No. 10495.

Court of Civil Appeals of Texas. Galveston.

June 4, 1936.

Painter & Painter, of Houston, for relator.

Allen, Helm & Jacobs, of Houston, for respondents.

GRAVES, Justice.

By original application to this court for writ of injunction or prohibition, the relator sought to prevent the respondents from taking the depositions of E. M. Frederick in the trial court in a suit pending there, wherein respondent, J. A. Ziegler, sought damages for personal injuries against the relator, Yellow Cab Company, and its cab driver, the respondent E. M. Frederick, as the alleged result of his having been negligently run over by one of the cab company's cars that was driven at the time by Frederick; a like application for such a writ had first been presented to and refused by the trial court, which order made

540

below—it is conceded by both parties here —was not appealable, wherefore, upon the representation that it had nowhere else to go, the cab company has so invoked this court's intervention.

On consideration of the matter, after having first entered a temporary restraining order effective during the pendency of the application, this court concludes that it has no power to grant the relief prayed for; with the parties and the cause of action standing in the trial court as stated, Ziegler simply proceeded, under R.S. Art. 3752, known as the "Oral Deposition-Statute," giving the notice and otherwise moving as therein required, and thereby sought in that way in advance of the trial to take the deposition of Frederick, who had been so sued both as the driver and agent of the cab company at the time, and individually; thereupon, the cab company, invoking in its own behalf a widely differing statute, R.S. art. 3769, known as the "Ex Parte Deposition Statute," sought to prevent the taking of such deposition upon the ground that that statute applied and interdicted taking of the testimony, because it was a corporation.

We think the learned trial court properly refused the relief sought, and that the same order must be made here, on the conclusion that this latter statute—R.S. art. 3769—has to do only with ex parte, and summary, proceedings without notice, hence has no application in this instance, where the commission was sought pursuant to R.S. art. 3752, after due notice given, which article permits the taking of the oral deposition of an agent, servant, or employee of a corporation where both are parties defendant regardless of the interests of either; that seems to have been the construction already put upon these two separate statutes by our authorities, and to have been the distinction recognized as existing between them; R. S. art. 3752; R.S. art. 3753; Black's Law Dictionary—Ex Parte; Words and Phrases, First, Second and Third Series —Ex parte; Sauermann v. El Paso Electric Ry. Co. (Tex.Com.App.) 235 S.W. 548; Chapman, Bank Commissioner, v. Leaverton (Tex.Civ.App.) 263 S.W. 1083 (writ of error refused, 114 Tex. 375, 269 S.W. 1024); 15 Texas Jur., p. 101, § 59 and § 60.

The application will be refused, and the existing restraining order dissolved.

Writ refused.