**Sam A. LAWRENCE, Appellant,**

**v.**

**FARM AND HOME SAVINGS ASSOCI-
ATION, Appellee.**

No. 16740.

Court of Civil Appeals of Texas.

Dallas.

April 1, 1966.

Herbert Green, Jr., Dallas, and Fred D. Moore, Farmers Branch, for appellant.

Pannell, Hooper, Steves & Kerry, Winfred Hooper, Jr., Fort Worth, for appellee.

BATEMAN, Justice.

The sole question presented by this appeal is whether under the Texas Rules of Civil Procedure a corporate defendant has the right to take the oral deposition of the individual plaintiff after due notice and upon the issuance of a commission.

Appellant Sam Lawrence sued the appellee Farm and Home Savings Association, a corporation, for damages; and the appellee gave the ten days' notice required by Rule 200, Texas Rules of Civil Procedure, for the taking of oral depositions of appellant and his wife. Commissions were duly issued pursuant to such notice, and subpoenas served on the witnesses. Appellant then applied to the district court in which the suit was pending for a temporary injunction restraining appellee from taking the depositions. Upon hearing this application, the court denied the same, and this appeal was taken. We affirm.

Appellant relies on Sauermann v. El Paso Electric Ry. Co., Tex.Com.App.1921, 235 S.W. 548, as holding that under the then applicable statutes the term "ex parte depositions" meant depositions of adverse parties, which were prohibited when either party was a corporation. Appellant argues from this that the phrase "ex parte deposition" simply means the deposition of the other party. However, subsequent decisions made it plain that the Sauermann opinion did not preclude parties to a suit, where one party was a corporation, from taking the deposition of the opposite party *except where it was attempted to be taken ex parte,* i. e., without notice to such adverse party. It is now well settled that such depositions can properly be taken by following the procedural rules, as was done here; i. e., giving notice, having commission issued and subpoenas served. Chapman v. Leaverton, Tex.Civ.App., 263 S.W. 1083, 1088, where it was said that Sauermann only held that "ex parte depositions directed to the adverse party may not be taken as confessed where one of the parties is a corporation." Writ of error was refused, and the motion for rehearing thereof overruled in National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024, 1029. See also Yellow Cab Co. v. Mills, Tex.Civ.App., 95 S.W.2d 539, no

wr. hist., and 19 Tex.Jur.2d, DEPOSI-TIONS, § 43, p. 671.

In Niemann v. Zarsky, Tex.Civ.App., 233 S.W.2d 930, 934, no wr. hist., holding that the deposition of a corporation as such cannot be taken, we find dictum to the effect that the purpose of an amendment of the statute in 1925 was "to change the rule established by the decision in the Sauermann case and provide for the taking of depositions of parties other than corporations and any witnesses as in other cases, *except ex parte depositions. In other words, the prohibition is there limited to ex parte depositions."* (Italics ours.)

The first sentence of subdivision (j) of Rule 188, T.R.C.P., which brings forward the statutory prohibition of ex parte depositions in suits in which a corporation is a party, expressly limits its provisions to ex parte depositions, and the second sentence is clear and unequivocal authority for the taking of the depositions desired by appellee. The two sentences are not in any respect inconsistent.

The order refusing the temporary injunction was correct and is

Affirmed.